# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TONY ROBINSON,                   Case No. 1:04-cv-043
    Plaintiff

vs

MR. BRIGANO, et al.,            **REPORT AND**
    Defendants                 **RECOMMENDATION**
                                         (Spiegel, J.; Hogan, M.J.)

      Plaintiff, a former inmate at the Lebanon Correctional Institution (LeCI) who is now incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this prisoner civil rights action under 42 U.S.C. § 1983. The remaining defendant in this matter is LeCI Lt. Taggart. Plaintiff alleges that defendant Taggart used excessive force against him in violation of the Eighth Amendment. This matter is before the Court on defendant Taggart's motion for summary judgment (Doc. 13), to which plaintiff has not responded.

      A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

      In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). "[A]fter a

motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff's complaint alleges the following: On November 7, 2003, while in the LeCI inmate dining hall, plaintiff had a verbal confrontation with another inmate concerning a delay in moving through the food service line. Following his meal, plaintiff was called back to the serving line by a food service supervisor who requested plaintiff's identification badge. Plaintiff states he complied with the request. Lt. Taggart arrived and questioned the food service worker. The worker advised Taggart that plaintiff and another inmate were about to fight and that plaintiff had created a disturbance, which plaintiff denies. Before plaintiff could explain his side

of the story, Lt. Taggart ordered him to turn around to go to "the hole." Plaintiff states he turned around, told Taggart he was going to the captain's office, and proceeded to walk away from Taggart toward the dining room exit. Lt. Taggart ordered plaintiff to stop and return, but plaintiff kept walking toward the exit and away from Taggart. Plaintiff states Taggart then "tackled" him, but did not bring him to the floor. Another officer assisted Taggart in securing plaintiff with handcuffs. Other officers joined in and plaintiff ended up on the floor. Lt. Taggart sprayed plaintiff with mace, causing his left eye to swell. Plaintiff states his hands and feet were flat on the floor during the altercation and that he never attempted to strike Taggart or the other officers. He was subsequently charged with assault and found guilty by the Rules Infraction Board. Plaintiff denies the validity of the charge and conviction. He seeks monetary and injunctive relief. (Doc. 2).

In support of his motion for summary judgment, defendant Taggart presents the following evidence. On November 7, 2003, while plaintiff was in the food line waiting to be served breakfast, he complained to the server that there were lumps in his oatmeal. His complaining held up the line behind him. One of the inmates, Shaw, told him to move on and plaintiff responded by shouting at Inmate Shaw that he was going to "beat [his] ass and 'f' [him] up." (Doc. 13, Ex. I). Officer Brown, the corrections officer assigned to the dining room, told plaintiff to sit down. Although plaintiff sat down, he kept yelling at Inmate Shaw. (Doc. 13, Ex. E). L.C. Taylor, the food service coordinator, also told him to sit down. When plaintiff continued yelling and causing a disturbance, Mr. Taylor asked for his badge in order to identify him for a report. He also signaled for Lt. Taggart to assist. (Doc. 13, Taylor Aff. Ex. J). Lt. Taggart approached plaintiff and Mr. Taylor to find out what was going on. Plaintiff continued

to yell, and when the lieutenant told him to turn around to be handcuffed, plaintiff responded by running away from Taggart. (Doc. 13, Taggart Aff. Ex. K). Taggart and another officer chased plaintiff and, when he tried to grab his arm, plaintiff was able to break loose by climbing his feet up the wall. Plaintiff began running again and defendant Taggart and Officer Brian Bledsoe again attempted to control him. As a result, defendant Taggart and Officer Bledsoe fell to the ground. Plaintiff then was able to roll on top of Officer Bledsoe and attempted to choke him. (Doc. 13, Bledsoe Aff. Ex. L). At that point, defendant Taggart was able to roll over and apply one burst of chemical agent, aiming at the plaintiff's forehead but striking him on the left side of his face. (Doc. 13, Taggart Aff. Ex. K). By this time, other officers were on the scene and plaintiff was then cuffed and taken away without further incident. (Doc. 13, Taggart Aff. Ex. K, Bledsoe Aff. Ex. L).

Pursuant to policy, plaintiff was immediately taken to the prison infirmary to be checked for any injuries. When interviewed by the nurse, plaintiff refused to talk other than asking her to wash out his left eye. (Doc. 13, Wainscott Aff. Ex. M). Plaintiff's eye was washed, which was the only medical attention he required. (Doc. 13, Ex. N). Later that day, plaintiff requested to see a nurse, complaining of eye irritation. He was given a bottle of eye wash and advised to continue rinsing his eye. According to Nurse Weaver's notes, "patient pleased to have eye wash. No further requests." (Doc. 13, Ex. O). One week later, plaintiff again requested to see a nurse with multiple requests. He claimed that he was having a back problem which had been bothering him for years, but because he had a cellmate that he liked, he didn't bring it up. Now that he was in segregation he wanted to be treated. *Id.* Plaintiff further claimed that he had some scratches that were missed when his force report was written and he wanted them added to the report. The

examining nurse was again Mr. Weaver, who informed plaintiff that the scratches he was pointing to were old and already healed and that they would not be added to the report. (*Id.*). Plaintiff then threatened to make this nurse a part of his lawsuit if he did not do what he was told. (Doc. 13, Weaver Aff. Ex. P).

Plaintiff was charged with three rule violations. Officer Brown charged him with encouraging or creating a disturbance and disobedience of a direct order. (Doc. 13, Ex. E). Lt. Taggart charged him with assaulting an officer. (Doc. 13, Ex. C). Officer Bledsoe charged him with attempted assault. (Doc. 13, Ex. D). Plaintiff appeared before the Rules Infraction Board (RIB) where he was found guilty of all charges. He was assessed 15 days Disciplinary Control, referred to Local Control segregation and was recommended for a security classification increase. (Doc. 13, Ex. Q). On February 24, 2004, he was increased to maximum security (4B) and transferred to SOCF. (Doc. 13, Ex. G). Both Officer Bledsoe and Lt. Taggart were injured when they fell and required some medical attention. (Doc. 13, Ex. R). They were seen by the prison nurse Kathleen Lynch. (Doc. 13, Ex. S). On advice of the nurse, Officer Bledsoe went to an outside clinic later that evening. He had a right knee and right wrist injury and multiple skin abrasions. (Doc. 13, Ex. T). He also had some affects from the mace. *Id*. Other than the eye irritation from the mace, plaintiff suffered no injury.

In response to Taggart's properly supported summary judgment motion, plaintiff was required to "present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d at 1435. Plaintiff has not filed a response to the motion for summary judgment. The undisputed

evidence before the Court shows plaintiff has failed to establish his Eighth Amendment excessive use of force claim.

The Eighth Amendment prohibition against cruel and unusual punishment governs an inmate's claim of excessive force. *Pelfrey v. Chambers*, 43 F.2d 1034, 1036-37 (6th Cir. 1995); *Cornwell v. Dahlberg*, 963 F.2d 912, 915-916 (6th Cir. 1992).  After incarceration, only the "unnecessary and wanton" infliction of pain constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Wilson v. Seizer*, 501 U.S. 294, 298 (1991), quoting *Whitley v. Albert*, 475 U.S. 312, 319 (1986).  Unnecessary and wanton infliction of pain includes those conditions that are "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976).  To establish his excessive use of force claim under the Eighth Amendment, plaintiff must present evidence showing that the force used by defendant Taggart was applied maliciously and sadistically to cause harm rather than in a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 501 U.S. 1, 7 (1992); *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995), *cert. denied*, 115 S.Ct. 2269 (1995); *Caldwell v. Moore*, 968 F.2d 595, 599-601 (6th Cir. 1992).  In making this determination, the Court must consider the reasons for the use of force, the type and amount of the force used, and the extent of the injury inflicted.  *See Hudson,* 501 U.S. at 7; *Whitley v. Albers*, 475 U.S. 312, 320-322 (1986); *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993).

Not every intrusion on a prisoner's bodily integrity will rise to the level of an Eighth Amendment violation, even if it appears in retrospect that the degree of force used was unreasonable and, thus, unnecessary. *Whitley*, 475 U.S. at 319; *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).  "[T]he good faith use of physical force in pursuit of valid penological

or institutional goals will rarely, if ever, violate the Eighth Amendment." *Parrish*, 800 F.2d at 604.

An inmate may suffer a violation of his Eighth Amendment rights even though he did not suffer a serious injury at the hands of corrections officers. *Hudson*, 501 U.S. at 9-10. The Eighth Amendment does not prohibit a *de minimis* use of force "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 10. What constitutes a *de minimis* use of force depends upon the circumstances of each case. "[T]he core judicial inquiry is . . . whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. For example, a guard who needlessly beats a handcuffed, submissive prisoner causing bruises, swelling, loosened teeth, and a cracked dental plate inflicts injuries that are more than *de minimis* for Eighth Amendment purposes. *Id.* at 1000. *See also Moore v. Holbrook*, 2 F.3d 697 (1993).

In considering the reasons for defendant's use of force, the type and amount of the force used, and the extent of the injury inflicted, *see Whitley*, 475 U.S. at 320-322; *Moore*, 2 F.3d at 700, a fair minded jury could not return a verdict for plaintiff on his Eighth Amendment excessive force claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The undisputed evidence shows that on the day in question, plaintiff had a verbal altercation with Inmate Shaw concerning the delay plaintiff was causing in the food service line. Plaintiff continued his verbal taunting until he was called over by the food service worker. When defendant Taggart arrived on the scene and ordered plaintiff to turn around to be handcuffed, plaintiff failed to obey the order and ran from Taggart. In fact, plaintiff's complaint admits he refused to follow Taggart's order and walked away from Taggart toward the dining room exit.

The failure to obey the direct order of a corrections officer is a rule violation, subject to disciplinary action. Ohio Admin. Code § 5120-9-06. Defendant Taggart could reasonably believe that plaintiff posed a threat to prison security when he failed to obey a direct order and ran or walked away. In view of plaintiff's rule violation and refusal to be handcuffed, defendant Taggart was justified in using some force to gain control over plaintiff. The evidence shows that defendant Taggart's motivation in using physical force to restrain plaintiff was to secure plaintiff and the surrounding area, and to move plaintiff to segregation. The evidence fails to suggest that defendant's actions constitute a malicious or sadistic use of force for the purpose of causing harm.

In addition, defendant Taggart's use of a chemical agent on plaintiff does not amount to an excessive use of force under the circumstances presented. The evidence shows that plaintiff actively resisted the officers' attempts to restrain him. This resistance caused plaintiff and the officers to fall to the ground. The use of mace to subdue plaintiff in the ensuing melee was to gain control over plaintiff and secure the inmate dining area. At the time of the altercation, plaintiff was combative and posed a risk to others and to the security of the institution. The evidence shows that the use of a chemical agent on plaintiff was done in a reasonable manner and not for the purpose of punishment or causing harm.

Finally, the only evidence of injury suffered by plaintiff was some eye irritation from the chemical agent. Although an Eighth Amendment claim is not precluded in the absence of serious injury, *Hudson*, 503 U.S. at 7; *Moore*, 2 F.3d at 700, the absence of any evidence showing more than irritation to plaintiff's eye strongly suggests that plaintiff was not subjected to a sadistic and malicious attack. *See Hudson*, 501 U.S. at 7.

Plaintiff must produce more than a scintilla of evidence in support of his Eighth Amendment claim. *Anderson*, 477 U.S. at 252. The undisputed evidence presented in this case demonstrates that defendant Taggart and the other corrections officer involved in the altercation with plaintiff on November 7, 2003 responded reasonably to the situation presented. Since the evidence before the Court is so one-sided and such that it would require a directed verdict for defendant at trial, defendant's motion for summary judgment should be granted. *Anderson*, 477 U.S. at 251-52.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Taggart's motion for summary judgment be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of the Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date:  4/20/2005                                      s/Timothy S. Hogan
                                                     Timothy S. Hogan
                                                     United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).