```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

TONY ROBINSON,                       :
                                     : NO. 1:04-CV-00043
      Plaintiff,                     :
                                     :
                                     : **OPINION AND ORDER**
  v.                                 :
                                     :
                                     :
MR. BRIGANO, et al.,                 :
                                     :
      Defendants.                    :
                                     :

Proceeding pro se, Plaintiff Tony Robinson ("Robinson") filed the instant Complaint on January 22, 2004, claiming that he suffered from unjustified and excessive force while incarcerated there and raising claims against various employees and administrators of the Lebanon Correctional Institution in response (doc. 2). Upon an initial screening of the Complaint pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 1997e, the Court dismissed Robinson's claims against Defendants Brigano, Bush, and Timler for failure to state a claim upon which relief could be granted (doc. 7). It, however, allowed Plaintiff's Eighth Amendment claims against Defendant Taggart to proceed. On February 25, 2005, Taggart moved for summary judgment in his favor on all claims (doc. 13), contending that the use of force alleged was necessary in light of the circumstances and, accordingly, did not rise to the level of an Eighth Amendment violation. Robinson has failed to file a response thereto within the time prescribed, rendering the

motion ripe for decision.

On April 20, 2005, the assigned Magistrate Judge issued a Report and Recommendation (doc. 14) recommending that the Defendants' motion be granted. The parties were provided proper notice of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither party has filed any objections thereto within the prescribed time.

Upon de novo review pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation well reasoned and proper. In light of Robinson's refusal to cooperate with Taggart's orders and his attempts to physically choke another correctional officer, Taggart's use of force – namely, the use of a chemical agent to incapacitate Robinson – was reasonable and does not constitute an Eighth Amendment violation. See, e.g., Hudson v. McMillian, 501 U.S. 1, 7 (1992); Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986). No reasonable jury would be able to find that the facts of the case establish such a violation; therefore, a grant of summary judgment in Taggart's favor is appropriate. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Accordingly, the assigned Magistrate Judge's Report and Recommendation (doc. 14) is ADOPTED IN ITS ENTIRETY. Defendant's

Motion For Summary Judgment (doc. 13) is GRANTED.  The Clerk is instructed to enter judgment in favor of the Defendant on all claims.  Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby CERTIFIES that an appeal of this Order cannot be taken in good faith.  See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

SO ORDERED.


Dated: June 30, 2005            s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge